[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff originally filed two separate actions against Parzych, the individual defendant, and the cafe. In the action against Parzych the plaintiff claims damages for assault whereas the complaint in the action against the cafe sought damages for negligent supervision of patrons and relief under the Dram Shop Act, General Statutes Section 30-102.
By motion filed September 20, 1991, the defendant Parzych filed a motion to consolidate both actions. This motion was granted by the court, Murray, J., on October 15, 1991. On April 4, 1991 the cafe filed a motion to hear Parzych added as a defendant in its action, pursuant to General Statutes Section 52-102. This motion was also granted by the court, Langenbach, J. The cafe also filed a third-party complaint against Parzych alleging that any injuries suffered by the plaintiff were as a result of Parzych's actions and not the negligence of the cafe. Parzych moves to strike this complaint on the ground that it is unnecessary and superfluous.
General Statutes Section 52-102 states that a person named in a motion "shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein." General Statutes Section 52-102 (a) allows a defendant "to serve a writ, summons and complaint upon a person." Section 52-102 does not allow a person to be made a CT Page 2004 third-party defendant, but simply a defendant in the plaintiff's action, and thus gives no right to the moving party to file a third-party complaint. The language of Sections 52-102 and52-102a indicate that the filing and serving on a third-party complaint is proper only in actions where the defendant is impleaded pursuant to Section 52-102a and not when made a party pursuant to Section 52-102.
Furthermore, in the present case both Parzych and the cafe are defendants in the action due to the consolidation of the two cases. Therefore, under General Statutes Section 52-572h the cafe will only be responsible for its proportionate share of the damages according to its amount of fault as found by the jury. Under Section 52-472h the jury will also consider Parzych's share of the fault and the cafe will not be responsible for those damages. Thus, its third-party complaint seeking apportionment of liability is not only unnecessary and superfluous, but, also states no recognizable cause of action. General Statutes Section 52-102
does not contain any provision which allows the filing of a third-party complaint.
Motion to strike is granted.
FRANK S. MEADOW, JUDGE